BASS, RATCLIFF & GRETTON, Limited, v. GUGGENHEIMER et al.

(Circuit Court, D. Maryland. August 2, 1895.)

COSTS IN EQUITY—INFRINGEMENT OF TRADE-MARKS.

Where a party unwittingly violating a trade-mark by printing labels ordered by a third person, on being notified of the infringement, promised to desist from further printing, and offered to surrender the lithographic stone, but an injunction suit was nevertheless brought, *held*, that complainant should pay his own costs.

This was a suit in equity by Bass, Ratcliff & Gretton, Limited, against Isaac Guggenheimer and Albert Weil, trading as Guggenheimer, Weil & Co., for infringement of a trade-mark.

Price & Steuart, for plaintiff.

M. R. Walter, for defendants.

MORRIS, District Judge. The defendants admit printing the infringing trade-mark labels, but claim that they did so upon the order of the Avon Bottling Company in good faith, without suspicion of any want of authority on the part of that company to have them printed, and supposing that the labels would be used in an honest and legitimate way. About four years after the labels were printed, the defendants were notified by the complainant of the infringement. They at once offered to surrender the lithographic stone from which the labels had been printed, and stated that they would print no more of them, and they have not printed any since the first order. By this prompt acquiescence in the complainant's demands, and the offer at once to surrender the lithographic stone, and the promise to respect the complainant's rights, the complainant obtained all it was entitled to obtain by an injunction. The complainant, for reasons of its own, has preferred, notwithstanding, to file a bill and obtain an injunction, and to have the lithographic stone given up under order of the court. It is a sound rule—for the prevention of unnecessary litigation, and to encourage parties who have ignorantly, and without bad faith, infringed a trade-mark, to promptly desist, without suit, upon being notified—that where a complainant had already obtained, before entering suit, by the prompt acquiescence of the defendant, all that an injunction can give him, he should not recover costs. I think the present is a case proper for the application of this rule. The decree will provide that each party shall pay their own costs.